IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **MIDFIRST BANK,** § § | |
| Plaintiff, § § | Civil Action No. 2:24-cv-49 |
| v. § § | |
| **ELEANOR ENRIGHT, JOEL HOUTMAN, GERBEN HOUTMAN JR., DYLAN HOUTMAN, CHRISTOPHER HOUTMAN, SEAN HOUTMAN, REBECCA HOUTMAN, BENJAMIN HOUTMAN, KARI PENCA, RENAE DEBATES, and BREDA DEBATES,** § § § § § § § § § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff MidFirst Bank ("Plaintiff" or "MidFirst") complaining of Eleanor Enright, Joel Houtman, Gerben Houtman, Jr., Dylan Houtman, Christopher Houtman, Sean Houtman, Rebecca Houtman, Benjamin Houtman, Kari Penca, Renae DeBates, and Breda DeBates ("Defendants"), files this *Original Complaint*, and states as follows:

### I.   PARTIES

1.   Plaintiff is a "mortgagee" as is defined in Texas Property Code section 51.001(4) and is appearing through the undersigned counsel.

2.   Marcia Kline ("Decedent" or "Borrower") was a borrower under the loan agreement described below. Decedent passed away on or about March 23, 2023. No probate is open for Decedent's estate in the county where the subject Property is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate.

3. Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Decedent ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of Decedent's estate, including an undivided interest in the Property, immediately upon her death. Each Heir is made a party in this proceeding.

4. Defendant Eleanor Enright is an alleged heir and sister of Decedent. She is a citizen of the state of Utah and may be served with process at 1077 Sycamore Avenue, Brigham City, Utah 84302 or at any other place where she may be found. Summons is requested.

5. Defendant Joel Houtman is an alleged heir and brother of Decedent. He is a citizen of the state of California and may be served with process at 418 Chapel Street, Grass Valley, California 95945 or at any other place where he may be found. Summons is requested.

6. Defendant Gerben Houtman, Jr. is an alleged heir and nephew of Decedent. He is a citizen of the state of Indiana and may be served with process at 606 S. 475 W, Wabash, Indiana 46992 or at any other place where he may be found. Summons is requested.

7. Defendant Dylan Houtman is an alleged heir and nephew of Decedent. He is a citizen of the state of New Mexico and may be served with process at 4527 Southfield Drive SW, Albuquerque, New Mexico 87105 or at any other place where he may be found. Summons is requested.

8. Defendant Christopher Houtman is an alleged heir and nephew of Decedent. He is a citizen of the state of New Mexico and may be served with process at 3600 Tyson Place NE, Apt. A, Albuquerque, New Mexico 87107 or at any other place where he may be found. Summons is requested.

9. Defendant Sean Houtman is an alleged heir and nephew of Decedent. He is a citizen of the state of New Mexico and may be served with process at 2508 Foothill Road SW,

Albuquerque, New Mexico 87105 or at any other place where he may be found. Summons is requested.

10. Defendant Rebecca Houtman is an alleged heir and niece of Decedent. She is a citizen of the state of Louisiana and may be served with process at 4229 Camp Street, New Orleans, Louisiana 70115 or at any other place where she may be found. Summons is requested.

11. Defendant Benjamin Houtman is an alleged heir and nephew of Decedent. He is a citizen of the state of New York and may be served with process at 554 17th Street, Apt. 2R, Brooklyn, New York 11215 or at any other place where he may be found. Summons is requested.

12. Defendant Kari Penca is an alleged heir and niece of Decedent. She is a citizen of the state of Oregon and may be served with process at 21089 SW 86th Court, Tualatin, Oregon 97062 or at any other place where she may be found. Summons is requested.

13. Defendant Renae DeBates is an alleged heir and niece of Decedent. She is a citizen of the state of Minnesota and may be served with process at 5712 Bernard Place, Minneapolis, Minnesota 55436 or at any other place where she may be found. Summons is requested.

14. Defendant Breda DeBates is an alleged heir and niece of Decedent. She is a citizen of the state of Oregon and may be served with process at 94 NW Idaho Street, Yachats, Oregon 97498 or at any other place where she may be found. Summons is requested.

## II. PROPERTY

15. This proceeding concerns the real property and improvements commonly known as 305 South Lime Street, Bishop, Texas 78343 (the "Property") and more particularly described as follows:

> BEING A 0.49 ACRE TRACT OF LAND OUT OF BLOCK 4, HUNT AND HARRELL ADDITION, BISHOP, NUECES COUNTY, TEXAS, AS RECORDED IN VOLUME 2, PAGE 25, MAP RECORDS OF SAID NUECES COUNTY, TEXAS; SAID 0.49 ACRE TRACT BEING FURTHER DESCRIBED

BY METES AND BOUNDS AS FOLLOWS: BEGINNING AT A 5/8 INCH IRON PIN SET AT THE SOUTHWEST CORNER OF SAID BLOCK 4, HUNT AND HARRELL ADDITION, SAME BEING THE CENTERLINE INTERSECTION OF JOYCE STREET, A 40 FOOT WIDE ROAD, AND LIME STREET, A 40 FOOT WIDE ROAD, FOR THE "POINT OF BEGINNING" OF THIS TRACT; THENCE NORTH 17 DEGREES 18 MINUTES EAST ALONG THE WEST LINE OF SAID BLOCK 4 AND THE CENTERLINE OF SAID LIME STREET FOR A DISTANCE OF 110.0 FEET TO A POINT FOR THE NORTHEAST CORNER OF THIS TRACT; THENCE SOUTH 72 DEGREES 42 MINUTES EAST ALONG A LINE PARALLEL TO THE SOUTH LINE OF SAID BLOCK 4 AT 20.0 FEET THE EAST RIGHT-OR-WAY LINE OF SAID LIME STREET CONTINUING ALONG SAID LINE FOR A TOTAL DISTANCE OF 195.0 FEET TO A POITN FOR THE NORTHEAST CORNER OF THIS TRACT; THENCE SOUTH 17 DEGREES 18 MINUTES WEST ALONG A LINE PARALLEL TO SAID WEST LINE OF SAID BLOCK 4 AT 90.0 FEET THE NORTH RIGHT-OF-WAY LINE OF JOYCE STREET, A 40 FOOT WIDE ROAD, CONTINUING ALONG SAID LINE FOR A TOTAL DISTANCE OF 110.0 FEET TO A 5/8 INCH IRON PIN SET ON THE CENTERLINE OF SAID JOYCE STREET AND THE SOUTH LINE OF SAID BLOCK 4 FOR THE SOUTHEAST CORNER OF THIS TRACT; THENCE NORTH 72 DEGREES 42 MINUTES WEST ALONG THE SOUTH LINE OF SAID BLOCK 4 AND THE CENTERLINE OF SAID JOYCE STREET FOR A DISTANCE OF 195.0 FEET TO RETURN TO AND CLOSE AT THE "POINT OF BEGINNING."

### III.    DIVERSITY JURISDICTION AND VENUE

16.    This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

17.    Plaintiff MidFirst is a federally chartered savings association with its main office in Oklahoma City, Oklahoma. In *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A.* 546 U.S. at 307; see 28 U.S.C. § 1348 (2006). Therefore, Plaintiff is a citizen of Oklahoma for purposes of diversity jurisdiction purposes.

18. The named Defendants are individuals and citizens of the states of Utah, California, Indiana, New Mexico, Louisiana, New York, Oregon, and Minnesota.

19. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

20. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

21. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Nueces County Appraisal District values the Property at $177,086.00 Therefore, the amount of controversy is met.

22. Venue is proper in the Southern District of Texas, Corpus Christi Division, because this suit concerns title to real property located in Nueces County, Texas. *See* 28 U.S.C. §§ 124(a)(1), 1391(b)(2).

## IV.    FACTS

23. The foregoing paragraphs are incorporated by reference for all purposes.

24. On or about August 28, 2008, Decedent Marcia Kline executed a *Note* ("Note"), in the principal amount of $89,074.00, with an interest rate of 6.500% per annum and originally payable to Kleberg Mortgage Center, Inc. ("Kleberg") as lender on a loan secured by the Property. A true and correct copy of the Note is attached hereto as **Exhibit A**.

25. Concurrently with the execution of the Note, Decedent executed a *Deed of Trust*, ("Security Instrument" and together with the Note, "Loan Agreement"), as grantor, granting Kleberg, its successors and assigns, a security interest in the Property. The Security Instrument was recorded on September 4, 2008, in the Official Public Records of Nueces County, Texas, as Instrument Number 2008040175. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

26. Subsequently, Kleberg transferred and assigned the Loan Agreement to Citimortgage, Inc. The *Assignment of Deed of Trust – Security Instrument* ("2008 Assignment") was recorded in the Official Public Records of Nueces County, Texas as Document No. 2008040177 on September 4, 2008. A true and correct copy of the 2008 Assignment is attached hereto as **Exhibit C**.

27. Then, Citimortgage Inc. transferred and assigned the Loan Agreement to Plaintiff. The *Corporate Assignment of Deed of Trust* ("2011 Assignment") was recorded in the Official

Public Records of Nueces County, Texas as Document No. 2011046282 on December 21, 2011. A true and correct copy of the 2011 Assignment attached hereto as **Exhibit D**.

28. On July 17, 2019, Borrower executed a *Loan Modification Agreement* ("First Modification") with Plaintiff which modified the terms of the original Loan Agreement. The First Modification was recorded in the Official Public Records of Nueces County, Texas as Instrument No. 2019035827 on September 3, 2019. A true and correct copy of the First Modification is attached hereto as **Exhibit E**.

29. On November 10, 2021, Borrower executed another *Loan Modification Agreement* ("Second Modification") with Plaintiff which again modified the terms of the original Loan Agreement. The Second Modification was recorded in the Official Public Records of Nueces County, Texas as Instrument No. 2022000871 on January 7, 2022. A true and correct copy of the Second Modification is attached hereto as **Exhibit F**.

30. Plaintiff is the current legal owner and holder of the Note. Plaintiff is also the mortgagee of the Security Instrument as that term is defined in section 51.0001 (4) of the Texas Property Code.

31. Decedent passed away on or about March 23, 2023. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, her heirs acquired all of her interest in the Property immediately upon death, subject to the Loan Agreement debt owed to Plaintiff.

32. Under the terms of the Loan Agreement, Borrower was required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

33. The Loan Agreement further provides that should Borrower fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenants and

conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

34. The Loan Agreement is currently due for the July 1, 2023 payment, and all subsequent monthly payments. On October 23, 2023, a Notice of Default was sent to the Property address in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Default is attached hereto as **Exhibit G**.

35. The default was not cured, and the maturity of the debt was accelerated on December 20, 2023, when a *Notice of Acceleration of Loan Maturity* ("Acceleration") was sent to the Property address in accordance with the Security Instrument and the Texas Property Code. A true and correct copy of the Acceleration is attached hereto as **Exhibit H**.

36. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## V. CAUSE OF ACTION- DECLARATORY JUDGMENT

1. The foregoing paragraphs are incorporated by reference for all purposes.

2. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

## VI. CAUSE OF ACTION - ENFORCEMENT OF STATUTORY PROBATE LIEN

3. The foregoing paragraphs are incorporated by reference for all purposes.

4. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan and the following statutory authority:

    a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

*"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*

    b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

*"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

    c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

*"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

5. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

## VII. CAUSE OF ACTION- NON-JUDICIAL FORECLOSURE

6. The foregoing paragraphs are incorporated by reference for all purposes.

7. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the

terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendants who acquired and/or have a potential interest in the Property subject to Decedent's debts.

8. A public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities, and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process and would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community.

### VIII. CAUSE OF ACTION- JUDICIAL FORECLOSURE

9. The foregoing paragraphs are incorporated by reference for all purposes.

10. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

11. Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of the county in which the Property is located, directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rules of Civil Procedure 309.

### IX. CAUSE OF ACTION - ATTORNEY'S FEES

12. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the Loan, and Texas Civil Practice and

Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Deed of Trust.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Deed of Trust and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Decedent's right, title, and interest to the Property;

c. Attorney fees and costs of suit; *and*

d. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District Admission #21340
Attorney in Charge
mcronenwett@mwzmlaw.com

**JOHN M. GREGORY**
Texas Bar No. 24138787
Southern District Admission #3869561
Of Counsel
jgregory@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**