Case 2:24-cv-00049   Document 26   Filed on 04/18/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 18, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MIDFIRST BANK, § § | |
| Plaintiff, § § | |
| v. § § | CIVIL ACTION NO. 2:24-CV-00049 |
| ELEANOR ENRIGHT, JOEL § HOUTMAN, GERBEN HOUTMAN JR., § DYLAN HOUTMAN, CHRISTOPHER § HOUTMAN, SEAN HOUTMAN, § REBECCA HOUTMAN, BENJAMIN § HOUTMAN, KARI PENCA, RENAE § DEBATES, and BRENDA DEBATES, § § | |
| Defendants. | |

## AGREED PARTIAL JUDGMENT

Came on to be considered the above-numbered and styled cause wherein MidFirst Bank ("Plaintiff") and Defendants Benjamin Houtman, Brenda Debates, Christopher Houtman, Eleanor Enright, Kari Penca, Rebecca Houtman, Renae Debates, and Sean Houtman ("Defendants"), and collectively with Plaintiff (the "Parties"), have announced to the Court that they desire to resolve all matters in controversy between them. In light of the agreement of the Parties as expressed in this *Agreed Final Judgment* and as shown by their signatures below, the Court finds that:

1. Plaintiff is the current owner and holder of the *Note* dated August 28, 2008 ("Note") in the original principal amount of $89,074.00 executed by Decedent Marcia Kline ("Decedent" or "Borrower"). Plaintiff is the current beneficiary of the *Deed of Trust* ("Security Instrument" and together with the Note, "Loan Agreement") executed by Borrower and recorded in the Official Public Records of Nueces County, Texas, as Instrument Number 2008040175 which provided

Plaintiff with a security interest on that certain real property commonly known as 305 South Lime Street, Bishop, Texas 78343 (the "Property"), and more particularly described as follows:

> BEING A 0.49 ACRE TRACT OF LAND OUT OF BLOCK 4, HUNT AND HARRELL ADDITION, BISHOP, NUECES COUNTY, TEXAS, AS RECORDED IN VOLUME 2, PAGE 25, MAP RECORDS OF SAID NUECES COUNTY, TEXAS; SAID 0.49 ACRE TRACT BEING FURTHER DESCRIBED BY METES AND BOUNDS AS FOLLOWS: BEGINNING AT A 5/8 INCH IRON PIN SET AT THE SOUTHWEST CORNER OF SAID BLOCK 4, HUNT AND HARRELL ADDITION, SAME BEING THE CENTERLINE INTERSECTION OF JOYCE STREET, A 40 FOOT WIDE ROAD, AND LIME STREET, A 40 FOOT WIDE ROAD, FOR THE "POINT OF BEGINNING" OF THIS TRACT; THENCE NORTH 17 DEGREES 18 MINUTES EAST ALONG THE WEST LINE OF SAID BLOCK 4 AND THE CENTERLINE OF SAID LIME STREET FOR A DISTANCE OF 110.0 FEET TO A POINT FOR THE NORTHEAST CORNER OF THIS TRACT; THENCE SOUTH 72 DEGREES 42 MINUTES EAST ALONG A LINE PARALLEL TO THE SOUTH LINE OF SAID BLOCK 4 AT 20.0 FEET THE EAST RIGHT-OR-WAY LINE OF SAID LIME STREET CONTINUING ALONG SAID LINE FOR A TOTAL DISTANCE OF 195.0 FEET TO A POITN FOR THE NORTHEAST CORNER OF THIS TRACT; THENCE SOUTH 17 DEGREES 18 MINUTES WEST ALONG A LINE PARALLEL TO SAID WEST LINE OF SAID BLOCK 4 AT 90.0 FEET THE NORTH RIGHT-OF-WAY LINE OF JOYCE STREET, A 40 FOOT WIDE ROAD, CONTINUING ALONG SAID LINE FOR A TOTAL DISTANCE OF 110.0 FEET TO A 5/8 INCH IRON PIN SET ON THE CENTERLINE OF SAID JOYCE STREET AND THE SOUTH LINE OF SAID BLOCK 4 FOR THE SOUTHEAST CORNER OF THIS TRACT; THENCE NORTH 72 DEGREES 42 MINUTES WEST ALONG THE SOUTH LINE OF SAID BLOCK 4 AND THE CENTERLINE OF SAID JOYCE STREET FOR A DISTANCE OF 195.0 FEET TO RETURN TO AND CLOSE AT THE "POINT OF BEGINNING."

2. The Security Instrument secures payment of the Loan Agreement with the Property.

3. Defendants are the heirs of Decedent Marcia Kline. Defendants stipulate that they disclaim their interest, if any, in the Property at issue in this lawsuit and will not claim any interest in the Property at any future time, except as provided in paragraph 4 below. Additionally, they understand that the Court may rely upon the contents of this Agreed Judgment in the adjudication of this matter.

4. The Parties agree that Defendants may claim excess proceeds after foreclosure of

their interests in the future, if any excess proceeds are available.

5. There is a default in payment or performance under the Note and Security Instrument that secures the payment of Plaintiff's lien.

6. Plaintiff is entitled to enforce the terms of the Loan Agreement against the Property. It is therefore,

**ORDERED, ADJUDGED AND DECREED** that Defendants have no interest in the Property, and are barred from claiming any interest in the Property in the future except as provided for in paragraph 4 above. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff, its successors and assigns, may enforce its lien on the Property by proceeding with non-judicial foreclosure of Defendants' interests in the Property, as provided in the Security Instrument and TEX. PROP. CODE § 51.002. It is further,

**ORDERED, ADJUDGED AND DECREED** that the following are secured by the Security Instrument on the Property: the outstanding balance of the Note, including attorneys' fees; pre-judgment interest; post-judgment interest at the Note interest rate of 6.500%; and costs of court. It is further,

**ORDERED, ADJUDGED AND DECREED** that the successful bidder at the foreclosure sale shall be vested with title to the Property. It is further,

**ORDERED, ADJUDGED AND DECREED** that Defendants may claim excess proceeds if any are available after the foreclosure sale. It is further,

**ORDERED, ADJUDGED AND DECREED** that except as otherwise noted, Defendants and Plaintiff are each to bear their respective costs and attorneys' fees, if any. It is further,

**ORDERED, ADJUDGED AND DECREED** that all costs incurred with respect to Plaintiff's claims against Defendants are taxed against the party incurring same. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff may charge attorneys' fees and costs, which may be added to the balance of the Note and enforceable only against the Property. It is further,

**ORDERED, ADJUDGED AND DECREED** that this agreed judgment provides declaratory relief only and is not a personal judgment for money damages or any other financial relief against Defendants. It is further,

**ORDERED, ADJUDGED AND DECREED** that this Agreed Judgment fully resolves all claims between Plaintiff and all Defendants Benjamin Houtman, Brenda Debates, Christopher Houtman, Eleanor Enright, Kari Penca, Rebecca Houtman, Renae Debates, and Sean Houtman. Plaintiff's claims against the remaining parties remain pending before the court.

Signed this 17th day of April 2024.

UNITED STATES DISTRICT JUDGE